**FILED**
**May 09, 2023**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| Bryant Meeks, | ) | Docket No. 2022-06-0936 |
| Employee, | ) | |
| v. | ) | |
| Nyrstar Clarksville, Inc., | ) | State File No. 65517-2021 |
| Employer, | ) | |
| And | ) | |
| Great American Spirit Insurance Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER
**(Decision on the Record)**

Bryant Leo Meeks seeks workers' compensation benefits, alleging that he contracted an autoimmune condition and skin lesions from drinking unsafe water while working at Nyrstar Clarksville, Inc. Nyrstar counters that his claim is barred by the statute of limitations and his injuries did not arise primarily from work.

After reviewing all admissible documents, the Court finds that the proof is insufficient to show that the statute of limitations bars Mr. Meeks's claim. However, Mr. Meeks did not provide a medical opinion connecting his condition to his employment. Therefore, he is unlikely to prevail at trial in proving that his condition arose primarily from work. His requested benefits are denied at this time.

### Claim History

At this stage of the case, the relevant facts are as follows.[1]

Mr. Meeks filed a completed petition for benefit determination on August 23, 2021. The petition lists a date of injury of August 6, 2021, but Mr. Meeks testified that his former

---

[1] The pleadings and evidence in this case are lengthy and detailed. Nyrstar objected to the admissibility of numerous documents, which the Court ruled on in the appendix to this order.

attorney wrote that date, and he does not know why. Mr. Meeks filed an amended petition on May 23, 2022, with a date of injury of "6-2020" and "diagnosis pending." The petition also gives a date of injury as "6-2020 – 9-2020."

In the petitions, Mr. Meeks alleged he drank water from a hose while working at Nyrstar. Specifically, he consumed this water for approximately ninety days until a co-worker told him to stop. A declaration from Kevin Cook, Nyrstar's Safety, Health, Environment and Quality Manager, stated that Mr. Meeks was instructed to stop drinking the water on June 12, 2020.

Approximately two weeks later, per his affidavit, Mr. Meeks began experiencing difficulty breathing, fatigue, dehydration, confusion, memory loss, and "painful seizures in a fetal position." He believed he had the coronavirus. On July 18, per the admissions, Nyrstar put Mr. Meeks on leave to get tested and to quarantine.[2] Eventually he tested negative for covid. Mr. Meeks's affidavit does not say when he came to believe that he had contracted an occupational disease.

Nyrstar terminated Mr. Meeks on August 31, 2020. Per his responses to Nyrstar's interrogatories, he has not worked since.

According to his affidavit, in March 2021, Mr. Meeks began seeing a series of doctors to obtain a diagnosis and treatment. He saw emergency room providers, his primary care physician, and multiple specialists, including two dermatologists, an immunologist, a rheumatologist, a hematologist, and a respiratory expert.

On review of the admissible records, osteopath/dermatologist Dr. Kimberly Lehman diagnosed "impetigo: erosions with yellow-honey colored crust distributed on the arms, face, and trunk" at a July 2021 visit. Then in December 2021, Dr. Susan Kroop, a rheumatologist, diagnosed prurigo nodularis, dyspnea on exertion, and heavy metal exposure.[3] Dr. Kroop noted, "I am concerned patient has underlying heavy metal toxicity driving myriad of [symptoms]." Neither doctor took Mr. Meeks off work. In addition, as documented by multiple photos, Mr. Meeks has developed a skin condition characterized by rashes, blistering, oozing blood, and pus.

Mr. Meeks admitted at his deposition that a hematologist, an asthma expert, Dr. Kroop, and two dermatologists did not say his current conditions were caused by drinking contaminated water at work.

---

[2] Nyrstar argued that Mr. Meeks gave notice that day, but the pleadings allege that he notified Kathy Spiceland on August 16, 2021, and Eric Lilly on "8-2020."

[3] Prurigo nodularis is a "chronic skin disorder characterized by the presence of hard, extremely itchy bumps known as nodules." The cause of the condition is unknown. Yale Medicine, https://www.yalemedicine.org/conditions/prurigo-nodularis-overview (last visited May 4, 2023).

Mr. Meeks contended that he suffers from a life-threatening autoimmune condition, heavy metal poisoning, and kidney/liver failure, because he consumed tap water while working for Nyrstar. He requested medical and temporary disability benefits.

Nyrstar has never paid benefits, asserting, among other arguments, that Mr. Meeks did not file his claim within the statute of limitations, and no medical proof shows his alleged condition arose primarily out of his employment.[4]

### Findings of Fact and Conclusions of Law

The timeliness of Mr. Meeks's claim is the threshold issue.

Mr. Meeks alleged an occupational injury in his two completed and filed petitions. The Workers' Compensation Law states that the "partial or total incapacity for work resulting from an occupational disease shall be treated as the happening of an injury by accident[.]" Tenn. Code Ann. § 50-6-303(a)(1) (2022).

Further, the right to compensation for an occupational disease shall be forever barred unless a claim is initiated under section 50-6-203; provided that the applicable time limitation shall commence as of the date of the *beginning of the incapacity for work* resulting from an occupational disease. Tenn. Code Ann. § 50-6-306(a) (Emphasis added). Nyrstar never paid benefits, so under subdivision -203(b)(1), the right to compensation is barred unless a petition is filed within one year after the accident resulting in injury.

As to the date of injury, in *Adams v. American Zinc Company of Tennessee,* 326 S.W.2d 425, 427 (Tenn. 1959), the Tennessee Supreme Court wrote that it is "commonly known that these occupational diseases are progressive." Further, "'the beginning' of the incapacity for work resulting from an occupational disease . . . is when such occupational disease, with *the knowledge of the employee, or knowledge that he should have had in the exercise of reasonable caution, that he has an occupational disease and that it has injuriously affected his capacity to work* to a degree amounting to a compensable disability." *Id.* at 428 (Emphasis added).

The Appeals Board considered somewhat similar circumstances in *Morgan v. Lockheed Martin Corporation,* 2019 TN Wrk. Comp. App. Bd. LEXIS 76 (Dec. 3, 2019). The Board affirmed a denial of summary judgment in an occupational disease claim. Citing *Adams,* the Board observed, "[Q]uestions involving the commencement of the running of the statute of limitations in workers' compensation cases most often are factual in nature." *Id.* at *8.

---

[4] Nyrstar also argued that Mr. Meeks did not prove that the "process water" he consumed at work is toxic. In addition, "notice" and "failure to state a claim upon which relief mat be granted" are listed as defenses on the dispute certification notice, but Nyrstar did not raise them in its brief. Given the other rulings in this case, the Court need not decide these at this time.

On this record, the Court is unable to find facts regarding when the statute of limitations commenced. In the amended petition, Mr. Meeks alleged dates of injury of "6-2020" and "6-2020 – 9-2020" without giving a date certain. If Mr. Meeks began to suspect that he suffers from an occupational disease in September of 2020, as he pleaded, then he timely filed his first petition on August 23, 2021, before the statute of limitations ran.

The parties agreed that on June 12, 2020, a coworker told Mr. Meeks to stop drinking the water. But that does not mean that Mr. Meeks knew on June 12, 2020, that he had an occupational disease that had injuriously affected his capacity to work. In fact, the proof shows otherwise. Mr. Meeks testified that he continued working after that date and his symptoms began on an unspecified date in July 2020. On July 18, Mr. Meeks believed he may have contracted the coronavirus, and he was taken off work for quarantine and testing. The proof does not give a date when Mr. Meeks's alleged occupational disease injuriously affected his ability to work. Nor has he shown that a physician diagnosed an occupational disease.

Therefore, on this record, Nyrstar has not shown that Mr. Meeks is unlikely to prevail at a hearing on the merits that he filed his petition after the statute of limitations expired.

Nyrstar also argued that Mr. Meeks has not shown medical causation linking his alleged condition to drinking water at work. On this point, Mr. Meeks must show that he suffered an "injury" as defined in the Workers' Compensation Law.

Tennessee Code Annotated section 50-6-102(12) states that an "injury" includes an "occupational disease including diseases of the heart, lung and hypertension . . . arising primarily out of and in the course and scope of employment, that causes . . . disablement or the need for medical treatment." Further, an injury causes disablement or the need for medical treatment only if it has been shown "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%)" in causing the disablement or need for medical treatment, considering all causes. "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is "more likely than not considering all causes, as opposed to speculation or possibility. *Id*

By Mr. Meeks's admission, no physician has stated that his condition fits within this statutory definition. He relies on the opinion of a nurse practitioner, which the Court cannot consider. Mr. Meeks sincerely believes that drinking the water from the hose at Nyrstar caused his illness. This, however, is argument not proof. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018) (parties cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments).

4

Mr. Meeks, as the employee in a workers' compensation case, has the burden of proving all essential elements of his claim for benefits. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an expedited hearing, he must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1). The Court holds that he has done neither at this time. Nothing precludes him from obtaining additional medical evidence for consideration at a later hearing.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Mr. Meeks's requested relief is denied at this time.

2. This case is set for a status hearing on **July 10, 2023, at 10:30 a.m. Central.** You must call 615-532-9552 or 866-943-0025 to participate.

**ENTERED May 9, 2023.**

*Kenneth M. Switzer*

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

APPENDIX

Exhibits and technical record:

1. Petition for Benefit Determination
2. Wage statement
3. Dispute Certification Notice and employer's additional issues (email to Cheryl Ploeger from defense counsel, February 6, 2023)
4. Order Resetting Status Hearing
5. Hearing Request
6. Poisoned at Work
7. Declaration of Mr. Meeks
8. Employee's Responses to Employer's and Insurance Carrier's first Set of Interrogatories
9. Photographs
10. Medical Records
    a. Pinnacle Dermatology-Dr. Lehman only
    b. Dr. Susan Kroop
11. Employee's Request for Production of Documents
12. Employee's Pre-Compensation Hearing Statement
13. Employer's Notice of Objection to Employee's C-32 Form
14. Request for Scheduling Hearing
15. Employer's First Set of Requests for Admission to Employee
16. Status Hearing Order
17. Notice of Filing Excerpts from the Deposition of Bryant Leo Meeks
18. Employer's Position Statement
    a. Petitions
    b. Declaration of Kevin Cook
    c. Declaration of Madeline Boles
19. Docketing Order
20. Motion to Withdraw and affidavit
21. Status Order
22. Employer's and Carrier's Evidentiary Objections

**Nyrstar's objections**

Nyrstar objected to many of the documents in the file, mostly on grounds of relevance and hearsay. "Relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 4.01. (2022). "Hearsay" is a "statement, other than one made by the declarant while testifying, offered in evidence to prove the truth of the matter asserted," and it is generally not admissible. Tenn. R. Evid. 801(c), 802. Each objection is addressed below.

Jenni White Barnes.

Sustained. Tennessee Compilation Rules and Regulations 0800-02-21-.16(2)(b) (February, 2022) states that medical records are self-authenticating and admissible when signed by a physician. Because Ms. Barnes is not a physician, the records are not admissible. Ms. Barnes is a nurse practitioner and therefore not qualified to give an expert opinion on causation. *Dorsey v. Amazon.com,* 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *10 (May 14, 2015). As for the forms, Tennessee Code Annotated section 50-6-235(c)(1) states that they are to be completed by "a physician." Therefore, the following was not considered:
- Medical records
- Forms C-32, C-30.

TOSHA communications.

Sustained. It is irrelevant if Nyrstar violated safety standards by any alleged failure to label the tap water as non-drinkable, or if it took subsequent remedial measures to label the hose. "One of the fundamental purposes of workers' compensation law is to compensate employees for work-related injuries *irrespective of fault." Lang v. Nissan N. Am., Inc.,* 170 S.W.3d 564, 572 (Tenn. 2005) (Emphasis added). The documents are also inadmissible hearsay and include:
- Emails, Mr. Meeks and Russell Dugan
- Department of Labor and Workforce Development, Division of Occupational Safety and Health, letter to Mr. Meeks, August 13, 2021
- Department of Labor and Workforce Development, Division of Occupational Safety and Health, letter to Kevin Cook, August 13, 2021
- TOSHA case file activity sheet
- TOSHA Notice of Alleged Safety or Health Hazards
- TOSHA-staff emails
- Purchase requisition-labels
- Nyrstar responses to TOSHA complaint
- TOSHA 9/3/21 letters closing complaint.

Dr. Smarda.

Sustained. Nyrstar objected that he is not qualified to give opinions on medical causation because he is not a doctor. The Court agrees. *Dorsey, supra*, and on grounds of relevance and hearsay. The Court did not consider:

- Communications between him and Mr. Meeks
- Curriculum vitae
- Interview.

Nyrstar communications to Mr. Meeks.

Sustained as to relevance. The circumstances of Mr. Meek's separation are not relevant to the issues of the timeliness of his petition or medical causation. They are also inadmissible hearsay. The Court did not consider:

- Letter from Gladivee Garcia to Mr. Meeks
- Email correspondence between Robert Winton and Mr. Meeks.

Poisoned at work.

Overruled. The Court considers this as argument. "The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." *Silas v. Brock Servs.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 35, at *11 (Oct. 2, 2015).

Employee's Responses to Employer's and Insurance Carrier's first Set of Interrogatories.

Overruled, as these are sworn responses and relevant. Inserted images were not considered, as they are hearsay.

Medical Records.

Nyrstar objected to all records as not signed by physicians. This objection is overruled as to Dr. Susan Kroop. She is a medical doctor.

As to Pinnacle Dermatology, the objection is sustained in part and overruled in part. The Court considered records electronically signed by Dr. Kimberly Lehman but no records signed by nurse practitioners.

The Court sustained the objection to these nurse practitioners and a doctor of optometry:

- Chrystelle Cluck
- Stacey Michelin
- Keyly Knechtel
- Tennova emergency room nurse practitioners
- Matthew Drew

Finally, the objection is sustained as to the Labcorp records, which are unsigned.

Social Security Administration, letter to Mr. Meeks, March 25, 2022.

Sustained. Evidence from a Social Security Disability case is not admissible to establish the existence of an employee's permanent disability. *Gonzales v. J. W. Carell*

*Enter., LLC,* No. E2013-02072-SC-R3-WC, 2014 Tenn. LEXIS 1038, at \*17-18 (Tenn. Workers' Comp. Panel Dec. 17, 2014).

Employee's Request for Production of Documents.
      Overruled.  This is a pleading.

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 9, 2023.

| Name | Regular mail | Email | Sent to: |
|---|---|---|---|
| Bryant Meeks, self-represented employee | X | X | Leomeeks1978@gmail.com 5801 Buckner Rd. Cumberland Furnace, TN  37051 |
| Lee Anne Murray, Taylor Pruitt, employer's attorneys | | X | leeamurray@feeneymurray.com trp@feeneymurray.com madeline@feeneymurray.com |

_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*